1

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIA

FILED BY _____ D.C.

FEB 2 0 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**Randal A. Ferguson**

Plaintiff,

v.

THW CIRCUIT COURT JUDGE JOSEPHY MURPHY 15TH JUDICAL CIRCUIT

THE  CIRCUIT COURT JUDGE KATHLEEN KROLL 15TH JUDICAL CIRCUIT.

**THE appellate**  JUDGE JON WESSENBAUM IN HIS 0FFICAL CAPACITY;

**THE FOURTH DISTRICT COURT OF APPEAL OF FLORIDA,**

Defendants.

---

- COPY: 4TH DCA UNOFFICAL

- PLAINTIFF FEAR IS THAT THIS 4TH DCA WILL  DISMISSS AND FAIL TO RULE ON HIS MOTION FOR  COURT APPOINTED COUNSEL AND RELIEF OF MOTION TO VACATE  PURSUANT TO THE SATE COURTS LACK OF SUBJECT MATTER JURISIDCTION TO PROCEEED FORWARD IN A TPR TRIAL ON DEC 16TH AND 17TH   AS THE Y HAVE WEAPONIZE THE PRE – FILING  SANTION  ON  SEBTEMBER  16TH  2024  FOR  WHICH  ALL INCULAPTORY EVIDENCE AGAINST THAT IS CLEAR AND CONVINCING SOLID AND CONCRETE WILL BE  HIDDEN , OMMITTED IGNORGED, AND LOST AS THE 4TH DCA

## 1ST Separate Claim 42 U.S.C 1983  EMERGENCY  Motion for a DECLARATORY JUDGEMENT  AGAINST THE PREFILING SANCTIONS BY THE 4TH DCA AND LOWER CIRCUIT JUDGE KATHLEEN KROLLS ORDER

## 2nd Separate claim TEMPORARY RESTRAINING ORDER FRCP 65

- ## 3rd Separate claim : . Federal "Rule 60" Relief and Injunction:

**PLAINTIFF IS ASKING JUGDE MIDDLEBROOKS IN CASE Pursuant to the remanded back to state court on  Dec 17th 2024 by  Federal Judge Middlebrooks, FEDERAL CASE# 24-81524-CV- MIDDLEBROOKS  PLAINTFF IS FILING A MOTION FOR RELIEF FROM JUDGEMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60 (B) WHERE THE PLAINTIFF (S) ARGUE** Even though the case was remanded, the state court's actions *during* the removal period violated the federal court's exclusive jurisdiction. WHEREFORE, THE PLAINTIFF IS ASKING FEDERAL JUDGE  MIDDLEBROCKS  TO ISSUE AN ORDER DECLARING THE STATE'S TRIAL RESULTS **ON DEC 16TH  2024 AND DECEMBER 17TH**  VOID FOR VIOATING THE FEDERAL STAY.

### PLAINTIFF (S) AFFIDAVIT OF TRUTH;

IN This 42 U.S.C 1983 **Emergency Claim for Injunctive Relief, I** Plaintiff Randal A. Ferguson do herby state under penalty of perjury that the evidence, statements, documents Exhibits, actions that took place in the court proceedings presented in this cause of action are indeed clear and convincing solid and concrete **True evidence of facts and not allegations or conclusory.**

---

**COMES NOW PLAINTIFF Randal A. Ferguson (Sui Juris) and file this 42 U.S.C 1983 CAUSE OF ACTION PURSUANT TO THE SECTION OF THE FEDERAL STATUE WHERE PLAINTIFF (S) IS SEEKING A DECLARATORY RELIEF AGAINST THE ORDER OF THE 4TH DCA AND ORDER FROM LOWER CIRCUIT JUDGE KATHLEEN KROLL OF THE 5TH JUDICAL CIRCUIT WHERE BOTH PRE-FILING SANTIONS BY THE STATE COURTS HAVE CAUSED THE PLAINTIFF TO DEPRIVED OF A FEDERALLY PROTECTED CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS WHERE THE 4TH DCA PRE-FINIG ORDER AND THE JUGDE KROLL ALSO ISSUING A PRE FILING ORDER WHERE THE PAINTIFF HAS BEEN DENIED ACCESSS TO THE LOWER CIRCUIT COURT OF THE 15TH JUDICAL CIRCUIT WHERE THE CLERK OF THE 15TH JUDICAL CIRCUIT ARE REFUSING TO ACCEPT AND FILE THE PLAINTIFF (S) MOTION. THIS UNCONSTITITUIONAL ORDER BY JUDGE KROLL HAS ASLO CAUSED THE PLAINTIFF TO BE DENIED FROM RELIEF OF JUDGEMENT OF HIS 63.089 MOTION FOR RELIEF OF JUDGEMENT WHERE JUDGE KROLL DELBERATLEY AND INTENTIONALLY IGNORED AND FAILED TO RULE ON THE FATHERS MOTION AND IGNORED THE PLAINTIFF MOTION TO COMPEL HE FILED ON**

4

OCTOBER 20TH 2025. THE JUDGE FAILURE TO RULE IS A VIOLATION OF HER

MININSTRIAL DUTY AS WELL AS DEPRIVING THE PARENT AN OPPRTUNITY

FOR RELEIF OF JIGDEMNT AND REUNIFICATION WITH HIS CHILDREN. THE

UNCONSTITUTINAL ORER BY THE 4TH DCA ALSO DENIED THE PLAINTIFF

RELIEF WHERE THE 4TH DCA SUA APONTA DISMISSAL OF THE PLAINTIFF (S)

WRITS OF PROHIBITION AND MANDAMUS AGINST SUCESSOR JUDGE

KATHLEEN KROLL WHICH PROVIDED APLATFORM FOR THE CIRCUIT JUDGE

TO FURTHER CATTY OUT MISCARRIAGES OF JUSTICE CAUSING A

IRRREPARABLE HARM THAT WOULD CAUSED THE PLAINTIFF TO  BE DEINED

OF  REILEF OF JUDGEMEMNT OF THE UNLAWFULL TERMINATION OF HIS

PARENTAL  RIGHTS LOSE HIS PARENTAL RIGHTS  AND ALLOW THE SATE TO

PROCEED FOWRAD IN UNLAFUL ADOPTION PROCEDDING.


## PLAINTIFF STATEMENT OF CLAIM;

1.  On or about [ SEPEMBER 16TH 2024  4th DCA Order], the Fourth District Court of
    Appeal issued  a pre filing order against  the plaintiff where the 4th dca only alleges that the
    the plaitiffiffs filing were frivolous  but with out any documented proof to substantiate the
    plaintiff s are frivolous which subsequently are the very same facts the plaintiff is stating
    and presenting in this cause of action

2.   T The 4th  DCA dismissed sua sponte dismissal of Plaintiff's Writs of Prohibition and
    Mandamus against judge kroll based on the  unconstitutional pre – filing sanction issued
    on  September 16th  2024 by the 4th DCA

3.   Judge Kroll's Order], Defendant Judge Kathleen Kroll of the 15th Judicial Circuit issued a pre-filing order against the Plaintiff while denying his 1.540 (d) motion to vacate based on "Frauds of the Courts" and the the fact that the state court lacked subject matter jurisdiction on December 16th and 17th to proceed forward in a TPR trial against the plaintiff

4.   On or  about August 26 2025 Plaintiff filed a 63.089 Motion for Relief of Judgment regarding his  parental rights and reunification.

5.   On or about October 20th 2025 plaintiff Filed a motion to compel and motion for conference to addressing the judge failure to rule and compelling the judge to do so.

6.   As of the date of this filing, Defendant Judge Kroll has failed to rule on  the plaintif 63.089 motion for relief of judgement

7.   Judge Kathleen  actions has cause a sabotage to barring the plaintiff of any right of relief of his parental rights and the reunification of his children.

the Clerk of the 15th Judicial Circuit, acting pursuant to the aforementioned pre-filing orders,  BY JUDGE KROLL refused to accept and file ANY RESPONSE  BY  Plaintiff's RELATED TO  IS 63.089  motion  HIS 1540.(D) MOTION

8.   The enforcement of these pre-filing orders has completely barred Plaintiff from the lower court, preventing him from contesting ongoing adoption proceedings.

9.   JUDGE KATHLEEN KROLL HAS REFUSED AND DELBERTLY DENIED  THE INDIGENT PARENT A RIGHT TO A COURT APPOINTED ATTORNY

6

10. **PLAINTIFF , AN INIGENDT PARENT FILED A MOTION TO THE 4DCA REQUESTING A COURT APPOINTED APPELLATE ATTORNRY.**

11. **As a direct result of these orders AND THE LOWER COURT  SUCESSOR JUDGE KAYHLEEN KROLL UNCONSTITITUINAL DENIAL OF PLAINTIFF (S) RIGHT TO A COURT APPOINTED ATTORNRY , Plaintiff is facing the imminent and permanent loss of parental rights AND THE UNLAWFUL ADOPTION OF HIS CHILDREN without an opportunity to be heard. AN IRREPARAPEL HRM.**

---

| Section | Purpose |
|---|---|
| **Jurisdiction & Venue** | Citing **28 U.S.C. § 1331** (Federal Question) and **28 U.S.C. § 1343** (Civil Rights). |
| **Statement of Facts** | BASED ON  UNCONSTITUTINAL SANCTIONS THAT HAVE PUT IN PLACE BY JUDGES OF THE LOWER 15TH JUDICAL CIRCUIT COURT AND THE 4TH DCA THE PLAINTIFF HAS  NO ACCESS TO THE COURTS AND HIS CASES ARE BEING DIMMISSED |
| **Constitutional Violations** | Detail the violation of the **1st Amendment** (Right to Petition) and **14th 4TH  AND 6TH Amendment** (Due Process). |
| **Prayer for Relief** | Clearly stating you want a **Declaratory Judgment** that the pre-filing orders are unconstitutional as applied to you. IN DENYING ME ACCESS TO THE COURTS, DIMISSAL OF MY APPELAS AND  DENYING ME RELIEF OF JUDEEMENT OF  PARENTAL RIGHTS , WHERE A INJUNCTION ISSSUED BY THE FEDERSAL COURT MAY ENJON OR ISSED A INJUNCTION TO   STOP THE STATE COURT PROCEDDINGS OF DEPRIVATIONS OF |

BARRERS, ABOTOGE  AND UNCONSTIITUIONAL ORDERS THAT ARE DENYING

AND HINDER THE PLAINTIFF (S) ACCESS  TO THE COURTS ,  A RIGHT TO A COURT

APPOINTED ATTORNRY HIS  DEPENDANCY CASE ,   RELIEF OF JUDGEMENT, AND

HIS RIGHT TO BE HEARED.

PLAINTIFF (S) STATEMENT AND ARGUMENT THAT THIS CAUSE OF ACTION IS NOT

FOR THE PURPOSE OF SEEKING OR ASKING THIS FEDERAL COURT  TO INTERVENE

IN THE STATE COURT PROCCEDDINGS OR DEISISON INVOLVING THE STATES

ORDER .  BUT RATHER UNDERSTAND THAT :

**""_This is not an appeal of a final state court judgment. This is an_**

**_independent civil rights action challenging the extra-judicial conduct of_**

**_state officials who have blocked PLAINTIFF(S) access to the court_**

**_system through unconstitutional pre-filing requirements, preventing any_**

**_adjudication on the merits."_**

**_PLAINTIFF (S):_**  _Argument:_  This is a  action  by the plaintiff to  ask the Federal
Court to immediately "enjoin" (stop) the enforcement of the state court's sanction
order because it causes "irreparable injury" (loss of parental rights and has caused
irreparable harm. AND UNLAWFIL ADOPTION PROCEDDNGS  BY THE STATE
AND UNLAWFUL TERMIATION OF MY PARENTAL RIGHTS. As well as the
unlawful seizer of my minor children

**<u>LEGAL STANDING:</u>**

When a Florida court issues a "pre-filing order" requiring an attorney's signature, it creates a significant procedural hurdle that, in a **Termination of Parental Rights (TPR)** case, can interfere with your **Due Process** and **Right to Counsel**. If both the Circuit Court and the District Court of Appeal (DCA) have denied your filings based on this requirement, the following legal grounds and options are typically used to challenge such "circular barriers."

## 1. Challenging the "Circular Barrier" Under Florida Law

The requirement of an attorney signature for a *pro se* (self-represented) litigant is often viewed by higher courts as a **denial of meaningful access to the courts**, which is protected by the Florida Constitution.

- **Ineffective Assistance of Counsel (IAC)**: In Florida TPR cases, indigent parents have a constitutional right to counsel. If you were denied counsel or if your appointed counsel failed to act, you can file a motion in the circuit court claiming **ineffective assistance**. Crucially, the court **cannot** require an attorney's signature for a motion challenging the ineffective assistance of your previous attorney.

- **The "Pro Se" Exception**: Florida Rule of General Practice and Judicial Administration 2.515(a) requires signatures from an attorney *if a party is represented*. If you are unrepresented, the rule explicitly allows for your own signature., WHEREFORE,   the plaintiff  argues that enforcing an attorney-only signature requirement on a *pro se* litigant in a TPR case violates this rule and your fundamental rights.

## 2. Federal Constitutional Grounds

Because TPR cases involve "fundamental liberty interests," you have protections under the **U.S. Constitution**.

- **Due Process Violation**: A blanket dismissal for lack of an attorney signature, without a "futility analysis" or consideration of your indigent status, may violate the **14th Amendment**.

- **Federal Writ of Habeas Corpus**: In extreme cases where state remedies are exhausted or "ineffective" (such as a circular barrier), federal courts may sometimes intervene. However, federal courts generally avoid state family law matters unless a clear constitutional breakdown has occurred.

- **Civil Rights Action (Section 1983)**: As mentioned in the **Family Justice & Accountability Act**, there is a growing movement to allow lawsuits against officials who "knowingly violate" constitutional rights. While judicial immunity is a high bar, a **forward-looking injunction** in federal court can sometimes be sought to challenge systemic rules that exclude *pro se* litigants.

WHEREAS UPON

1.

**Plaintiff Randal A. Ferguson  Overview of Legal Analysis, Standings, Memorandums of legal Standings for Emergency Injunctive Relief sought by This  Federal Court.**

## A.        Plaintiff (s)  Request for Judicial Notice

### I. Purpose of the Request

"Plaintiff respectfully moves this  Federal Court to take judicial notice of the attached

state court records **(Exhibits)** pursuant to **Fed. R. Evid. 201(b)(2).** These records are

matters of public record and are capable of accurate and ready determination from

sources whose accuracy cannot reasonably be questioned.

**Plaintiff provides these records for the limited and specific purpose of documenting**

**the extra-judicial conduct and procedural barriers imposed by state officials, which form**

**the basis of this independent § 1983 civil rights action. Plaintiff is not asking this Court to**

**review, scrutinize, or overturn any final state court judgment on the merits."**

### II. Establishing Independent Claims

"These records serve as evidence of the **independent constitutional injuries** alleged in

**Claims #1 and #2,** specifically the violation of Plaintiff's Fourteenth Amendment right of

access to the courts. The records demonstrate that state-imposed pre-filing requirements

and the denial of counsel have functioned as **'procedural traps' that blocked any**

adjudication on the merits. Consistent with the **Rooker-Feldman doctrine,** this action

**challenges the *conduct* of state officials in creating these barriers, rather than**

**the *judgment* of the state court itself."**

### III. Supporting the Exception to Younger Abstention

"Furthermore, these records are submitted to demonstrate that the state forum

is **procedurally inadequate** to protect Plaintiff's federal rights. Under the exceptions to the **Younger abstention doctrine**, federal intervention is necessary when the state forum fails to provide an adequate opportunity for the plaintiff to raise their constitutional claims due to 'judicial sabotage' or unconstitutional sanctions. The attached records prove that the state court's own orders have effectively closed the door to the very due process Plaintiff now seeks to compel through this federal action."

"Although **28 U.S.C. § 2283** generally prohibits federal courts from enjoining state court proceedings, the United States Supreme Court held in **Mitchum v. Foster, 407 U.S. 225 (1972)** that **42 U.S.C. § 1983** is an 'expressly authorized' exception. Therefore, this Court has the statutory authority to grant the requested injunctive relief to prevent the deprivation of Plaintiff's constitutional rights."

## Case Law: Pre-Filing Sanctions as an "Inadequate Forum"

Under the **Younger Abstention Doctrine**, a federal court will only step aside if the state court provides an **"adequate opportunity"** to raise your federal constitutional claims.

If the state court has imposed "gatekeeper" orders or pre-filing sanctions that prevent you from filing motions or obtaining a hearing, you can argue the state forum is **inadequate**. Here is the supporting legal framework:

**1. The Supreme Court Standard**

12

- **Gibson v. Berryhill, 411 U.S. 564 (1973):** The Supreme Court held that abstention is not required when the state body is shown to be biased or "incompetent by reason of bias to adjudicate the issues."

- **Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987):** The court noted that if "state procedures are inadequate," the federal court must not abstain.

### 2. Specific Circuit Context (General Principles)

Federal circuits (such as the **9th, 2nd, and 5th Circuits**) generally hold that for a state forum to be "adequate," the plaintiff must be able to actually **litigate** their claims.

- **The "Procedural Bar" Argument:** If a pre-filing sanction requires a judge's permission just to file a document, and that permission is being withheld, the "opportunity" to raise constitutional claims is **illusory** (fake).

- **Example Case Logic:** In **Lifchez v. Hartigan, 735 F. Supp. 1361**, the court noted that if a plaintiff is "shunted" out of state court by procedural rules that prevent a hearing on the merits, the federal court should not abstain.

## Overview of Legal Analysis, Standings, Memorandums of legal Standings for Emergency Injunctive Relief sought by This  Federal Court.

**CONTINUED –**

## Judicial Bias & Lack of Adequate Forum

PLAINTIFF (S)  argue that the state forum is "inadequate" due to a biased judge:

**Systemic Bias:** You must prove the bias is so "pervasive and systemic" that standard state recusal (disqualification) motions are ineffective.

**Failure to Use State Remedies:** If you have not first filed a motion to disqualify the state judge or sought an emergency writ (like Mandamus) from the state appellate court, the federal court will find that the state forum remains "adequate".

## STATEMENT OF FACTS: PROCEDURAL BARRIER AND INADEQUACY OF STATE FORUM

1. **Fundamental Interest at Stake:** This action arises out of ongoing state dependency proceedings involving the potential permanent termination of Plaintiff's parental rights and the initiation of adoption proceedings regarding Plaintiff's minor child(ren).

2. **The State Court Sanction:** On or about October 11, 2024, the Florida Fourth District Court of Appeal ("4DCA"), in Case No. **4D2024-2046**, entered a restrictive sanction order against Plaintiff. This order mandates that any future *pro se* filings by Plaintiff must be reviewed and signed by a member in good standing of the Florida Bar, who must certify that a good faith basis exists for the claims.

3. **Attempt to Exhaust State Remedies:** Seeking to prevent irreparable harm and address lower court irregularities, Plaintiff filed a **Petition for Writ of Mandamus** with the 4DCA on October 14, 2025. This petition specifically sought to enjoin unlawful adoption proceedings and the termination of parental rights, alleging systemic violations of federal due process.

4. **Sua Sponte Dismissal:** the 4DCA issued a *sua sponte* order dismissing Plaintiff's petition as "unauthorized." The court did not reach the merits of the constitutional claims. Instead, it dismissed the action solely because the petition lacked the signature of a Florida Bar member, pursuant to the prior sanction in Case No. 4D2024-2046.

5. **The Procedural Impasse:** Plaintiff is indigent and lacks the financial resources to retain private counsel to "review and sign" filings. Furthermore, because of the high-conflict nature of dependency litigation and the existing sanction order, Plaintiff has been unable to secure *pro bono* assistance from any member of the Florida Bar to fulfill this requirement.

6. **Functional Closure of the Forum:** The application of the **"attorney-signature requirement"** **in** this specific context—where a parent faces the permanent severance of the parent-child bond—acts as a total and absolute barrier to appellate review.

7. **Irreparable Harm:** Because the 4DCA refuses to hear Plaintiff's petitions without an attorney's signature, and because Plaintiff cannot obtain such a signature, the state forum is functionally closed. Plaintiff is left with no "adequate" state vehicle to challenge the lower court's orders, leaving the Plaintiff's parental rights vulnerable to permanent and unlawful termination without federal constitutional oversight.


### THE PLAINTIFF ADDITITONALLY ARGUES IN SUPPORT

- **The "Middlesex" Third Prong:** Argue that you fail the third prong of the *Younger* test (*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*), which requires an "adequate opportunity in the state proceedings to raise constitutional challenges." By requiring a signature you cannot obtain, the state has denied that opportunity.

- **The "Bad Faith" Exception: Plaintiff (s)** Argue that **the *sua sponte* dismissal of a petition** involving the "irreparable injury" of losing a child—based on a procedural technicality—is evidence of a state judiciary that is "flagrantly and patently" ignoring the urgency of the constitutional crisis.

- **Distinguish "Vexatious" from "Fundamental":** Point out that while courts may limit "frivolous" litigation, they cannot use gatekeeping sanctions to block a parent from defending against the "loss of a fundamental liberty interest" (*M.L.B. v. S.L.J.*, 519 U.S. 102).

## • PLAINTIFF CONTENTS TO ARGUMENT: THE STATE FORUM IS INADEQUATE TO PROTECT PLAINTIFF'S CONSTITUTIONAL RIGHTS

- Federal courts generally abstain from interfering in state court proceedings under *Younger v. Harris*, 401 U.S. 37 (1971). However, abstention is only appropriate if the state forum provides an **"adequate opportunity"** for the plaintiff to raise their federal constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 623, 632 (1982). In this case, the state forum is functionally closed to the Plaintiff, creating an "extraordinary circumstance" that demands federal intervention.

- **A. The Attorney-Signature Requirement Constitutes an Insurmountable Procedural Barrier**

- While states may regulate "vexatious litigants," they cannot do so in a manner that "shuts the courthouse doors" on fundamental liberty interests. The Fourth District Court of Appeal's (4DCA) sanction requiring a Florida Bar member's signature on all filings (Case No. 4D2024-2046) has created a **procedural impasse**. Because Plaintiff is indigent and unable to secure counsel to "certify" his claims, the 4DCA's *sua sponte* dismissal of

his Writ of Mandamus proves that the state court is no longer a "competent forum" for his
federal grievances.

- The Supreme Court has held that when a state system "fails to provide a plain, speedy,
  and efficient remedy," federal courts must not abstain. *Rosewell v. LaSalle Nat. Bank*,
  450 U.S. 503 (1981). Here, the state has replaced a legal review of parental rights with a
  "pay-to-play" barrier that the Plaintiff cannot satisfy.

- **B. Termination of Parental Rights Requires Heightened Access to Justice**

- The United States Supreme Court has repeatedly affirmed that the "interest of parents in
  the care, custody, and control of their children is perhaps the oldest of the fundamental
  liberty interests recognized by this Court." *Troxel v. Granville*, 530 U.S. 57, 65 (2000).

- In **M.L.B. v. S.L.J., 519 U.S. 102 (1996)**, the Court ruled that states cannot block an
  indigent parent's access to appellate review of a parental termination decree simply
  because they cannot pay a fee. The Court noted that "choices about marriage, family life,
  and the upbringing of children are among associational rights this Court has ranked as 'of
  basic importance in our society' ... rights sheltered by the Fourteenth Amendment against
  the State's unwarranted usurpation, disregard, or disrespect." *Id.* at 116.

- **By dismissing Plaintiff's Mandamus *sua sponte* based on a procedural sanction, the
  state is doing exactly what *M.L.B.* prohibits: it is prioritizing a procedural rule over
  a parent's fundamental right to be heard before their family is** permanently dissolved
  by "unlawful adoption proceedings."

- **C. The "Bad Faith" and "Irreparable Injury" Exceptions Apply**

- Furthermore, the state court's refusal to address the merits of a "termination of parental rights" case—while the clock runs on a permanent adoption—constitutes **irreparable injury** that is "great and immediate." *Younger*, 401 U.S. at 46.

- Where state officials proceed in "bad faith" or where the state court is "incapable of fairly and fully adjudicating the federal issues before it," abstention is improper. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). The 4DCA's dismissal of a time-sensitive writ, without addressing the underlying allegation of an **unlawful termination**, demonstrates a systemic bias that renders the state forum inadequate. The federal court is the only remaining venue capable of preventing the "irreparable harm" of a permanent, unconstitutional severance of the parent-child bond.

## 2.

## *"Plaintiff respectfully requests this Court take judicial notice of the 4DCA Order attached as Exhibit A pursuant to FRE 201."*.

**THE 4DCA Dismissal Order:  Exhibit.** RDERED sua sponte that Petitioner's October 14, 2025 petition in this matter is

dismissed as unauthorized. Pursuant to this Court's October 11, 2024 order in case number 4D2024-2046, Petitioner's pro se filings must be reviewed and signed by a member in good standing of the Florida Bar certifying that a good faith basis exists for each claim presented. Further,

ORDERED that Petitioner's October 23, 2025 motion to change case style is deemed moot.

**The Attachment:** Attach is the following 4DCA order as **"Exhibit A**

<u>**The plaintiff (s) issue is urgent**</u>

**Every day the federal court waits, the state moves closer to a "Final Judgment of Adoption," which would trigger the Rooker-Feldman bar and end your federal case permanently.**

# ( 2.)

IN PLAINTIFF (S) SEPARATE CLAIM AGAINST SUCCESSOR JUDGE KATHLEEN KROLL IN THE 15TH JUDICAL CIRCUI PROCEDDINGS

## Judge Kroll's Order as Evidence of "Bad Faith"

To survive abstention, you must show the Federal Judge that the state court is acting in **bad faith**. Judge Kroll's order provides the following "Evidence of Inadequacy":

- **The "Forfeiture" Fallacy:** Judge Kroll cites *K.R. v. DCF* to claim you "forfeited" your right to counsel. However, your facts show that the turnover in lawyers was due to external factors (a deceased lawyer, a lawyer with a conflict of interest because his wife was the GAL, and a lawyer who failed a *Nelson* hearing).

- **The State-Created Impasse:** The judge admits there are only three other attorneys on the list and they all have conflicts. In Federal Court, you argue: *"The state's inability to maintain a conflict-free list of attorneys cannot be used as a legal basis to strip a parent of their constitutional right to counsel."*

- **Misapplication of Law:** In Florida, a "forfeiture" of counsel requires a finding of **egregious, persistent, and bad-faith manipulation.** By showing the lawyers left due to death or conflict, you prove the Judge's order was a "pretext" to fast-track an "unlawful adoption."

## 2. Incorporating this into your "Statement of Facts"

Add these specific points to your Federal Memorandum to show why the federal court *must* intervene:

"The State Court, per Judge Kathleen Kroll, entered an order on [Date] permanently denying Plaintiff the right to court-appointed counsel. The Court justified this by claiming 'forfeiture.' However, the record shows the turnover of counsel was due to: (1) Attorney Friednash's conflict of interest (wife as GAL); (2) Attorney John Goodman's illness and subsequent death; and (3) Attorney Marshall's gross ineffectiveness which resulted in Nelson hearings. The State Court's refusal to appoint counsel because the 'list of attorneys is exhausted' constitutes a structural defect in the state proceeding, rendering the forum inadequate to protect Plaintiff's fundamental liberty interests."

## 3. The "M.L.B. v. S.L.J." Connection

Use the case I mentioned earlier (*M.L.B. v. S.L.J.*) to argue that the combination of **no lawyer + the 4DCA signature requirement** creates a "Total Barrier":

1. **Trial Level:** Judge Kroll denies you a lawyer (The Order you just provided).

2. **Appellate Level:** The 4DCA denies your filings because they aren't signed by a lawyer (The 4DCA Order).

3. **Result:** You are in a "Legal Black Hole" where you cannot speak for yourself and the court won't give you a speaker. This is the **exact scenario** where Federal Courts find a state forum "inadequate" and refuse to abstain.

---

## Legal Claims

**Violation of Procedural Due Process (14th Amendment):** The court's failure to strictly adhere to the mandatory timelines in **Florida Statute § 63.089** constitutes a direct violation of the right to a fair and timely hearing.

> FOR EXAMPLE  IN THE LOWER CIRCUIT COURT
> PROCEDDINGS   IN PLAINTIFF (S) SEPARATE CLAIM
> AGAINST  SUCCESSOR JUDGE KATHLEEN KROLL IN THE 15TH
> JUDICAL CIRCUI PROCEDDINGS

## PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE OF STATE COURT ORDERS PURSUANT TO FED. R. EVID. 201

- Under **Federal Rule of Evidence 201(b),** a court may take judicial notice of a fact that is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." It is well-settled in the Eleventh Circuit that a federal court may take judicial notice of state court records and public documents. *See Cunningham v. Dist. Atty's Office, 592 F.3d 1237, 1255 (11th Cir. 2010).*

21

1. **EXHIBIT A:** Order of the Fourth District Court of Appeal, Case No. 4D2024-2046, dismissing Plaintiff's Petition *sua sponte* for lack of a Florida Bar member's signature.

**EXHIBIT B : JUDGE KROOL UNLAWFUL ORDER DENYING PLAINTIFFF (S) 1.540 MOTION FOR RELIEF OF JUDGEMENT PURUANT TO FRAUD (SON THE COURT AND THE STATE COURT LACK OF SUBJECT MATER JURISDIDCTION**

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT

IN AND FOR PALM BEACH COUNTY, FLORIDA

JUVENILE DIVISION JO

CASE NO. 50-2019-DP-000789-XXXX-MB

LAVENDER ANTONIA FERGUSON

RANDAL ANTON FERGUSON JR

RANDAL ANTONIQUE JAVONNE FERGUSON

AVAN AMORE FERGUSON

Minor Children.

_____/

ORDER DENYING MOTION TO VACATE FINAL JUDGMENT OF TEMINATION OF

PARENTAL RIGHTS [DOCKET #1136] and ORDER REQUIRING ALL FUTURE

FILINGS BY RANDAL A. FERGUSON BE REVIEWED AND SIGNED BY A MEMBER

IN GOOD STANDING OF THE FLORIDA BAR

THIS MATTER was before the Court upon review of the Motion to Vacate Final Judgment

of Termination of Parental Rights [Docket #1136] filed by Randal A. Ferguson.

22

Based upon a review thereof and a review of the Court file, it is hereby ORDERED AND
ADJUDGED as follows:

1. The Motion to Vacate Final Judgment of Termination of Parental Rights [Docket
#1136] filed by Randal A. Ferguson is hereby DENIED.

2. This Court further Orders that all future pro se filings by Randal A. Ferguson must
be reviewed and signed by a member in good standing of the Florida Bar certifying that a good
faith basis exists for each claim presented.

DONE AND ORDERED in Chambers, at West Palm Beach, Palm Beach County, Florida.


COPIES TO:

ANDREW RYAN

FRIEDNASH


401 S DIXIE HWY

SUITE 200

WEST PALM BEACH, FL

33401


AFRIEDNASH@RC-4.COM

2.

## 3. EXHIBIT C

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JUVENILE DIVISION JO
CASE NO. 50-2019-DP-000789-XXXX-MB

LAVENDER ANTONIA FERGUSON
RANDAL ANTON FERGUSON JR
RANDAL ANTONIQUE JAVONNE FERGUSON
AVAN AMORE FERGUSON
    Minor Children.

**ORDER DENYING MOTION FOR DISQUALIFICATION OF JUDGE KROLL AND
ORDER DENYING MOTION FOR COURT APPOINTED ATTORNEY**

THIS MATTER was before the Court upon review of the Father's Motion for
Disqualification of Judge Kroll and Motion for Court Appointed Attorney [Docket #1092]

Based upon a review thereof and a review of the Court file, it is hereby **ORDERED AND
ADJUDGED** as follows:

1.    The Father's Motion for Disqualification of Judge Kroll and Motion for Court
Appointed Attorney [Docket #1092] are hereby **DENIED.**

**DONE AND ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida.

50-2019-DP-000789-XXXX-MB   09/22/2025
Kathleen J. Kroll   Circuit Judge

50-2019-DP-000789-XXXX-MB   09/22/2025
Kathleen J. Kroll
Circuit Judge

**COPIES TO:**

ANDREW RYAN
FRIEDNASH

401 S DIXIE HWY
SUITE 200
WEST PALM BEACH, FL
33401

AFRIEDNASH@RC-4.COM
aramos@rc-4.com
wpbcivildocket@rc-4.com

JORGE ANTON, ESQ

423 FERN ST
SUITE 200
WEST PALM BEACH, FL
33401

janton@legalaidpbc.org
rware@legalaidpbc.org

**EXHIBIT D :  Below Order of the Honorable Kathleen Kroll, 15th Judicial Circuit,
denying Plaintiff's *ore tenus* Motion to Appoint Counsel and declaring a "forfeiture" of the
right to counsel.**

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR FATHER and ORDER DENYING FATHER'S ORE TENUS MOTION TO APPOINT COUNSEL THIS CAUSE** came before the Court for **hearing on** the Motion to Withdraw as Counsel for the Father filed by James Karabedian, Esquire. The Father agreed to the discharge of Attorney Karabedian and made an ore tenus Motion to Appoint Counsel. Based upon a review of the evidence and argument presented at that time, it is hereby ORDERED AND ADJUDGED as follows: 1. The Motion to Withdraw as Counsel for the Father filed by James Karabedian, Esquire is hereby GRANTED. 2. **The Father's ore tenus Motion to Appoint Counsel is hereby DENIED. The Father has been appointed five court paid lawyers. The only other three attorneys on the court appointed list for dependency cases conflicted because they represented other parties in the case. The actions of the Father has caused delay in the case. His** actions are sighted by the attorneys as to why they can no longer represent him and/or the Father himself has said he did not want the assigned attorney to represent him. Ct times, the Father has said he wanted court appointed counsel and at other times, he said the state paid attorney appointed was clearly acting against his interests because they are state paid. A forfeiture of the right to counsel is an extreme measure that flows from the defendant's abuse or manipulation of the right to counsel and results in the defendant being required to represent himself even though he has not waived counsel and may still want legal representation. The Court finds the Father has been non-cooperative and it is obvious that he simply would not permit himself to be represented by anyone which amounts to a binding forfeiture or waiver of the right to counsel. Fla. Stat. Ann. §39.013(9) (a) SEE: K.R. v. Dept. of Children and Families, 368 So. 3d 968 (4th DCA 2023). DONE and ORDERED, at West Palm Beach, Palm Beach County, Florida. Name Address Email ANDREW RYAN FRIEDNASH 401 S DIXIE HWY SUITE 200 WEST PALM BEACH, FL 33401 AFRIEDNASH@RC-4.COM; aramos@rc-4.com; wpbcivildocket@rc-4.com DCF DCF.C15E Service@MYFLFAMILIES.COM JORGE ANTON, ESQ 423 FERN ST SUITE 200 WEST PALM BEACH, FL 33401 janton@legalaidpbc.org;

rware@legalaidpbc.org Name Address Email KEVIN M WALSH C15galjl.eservice@gal.fl.gov;

kevin.walsh@gal.fl.gov; C15galjs.eservice@gal.fl.gov Jorge Anton janton@legalaidpbc.org Tiffany

Chewning Tiffany.chewning@myflfamilies.com JAMES KARABEDIAN RANDAL ANTON FERGUSON

jkaralaw@gmail.com fergusonrandala@gmail.com 1. The Motion to Withdraw as Counsel for the

Father filed by James Karabedian, Esquire is hereby GRANTED. 2. The Father's ore tenus Motion to

Appoint

**THIS WAS THE FATHERS RESPONSE TO THE UNLAWFUL ORDER OF JUDGE KROLL : SEE**

**BELOW**

THIS JUDGE :" KATHLEEN KROLL ATTEMPTED TO JUSTIFY HER PERONAL RACIST AND BIAS DENIAL OF

THE FATHER REQUEST FOR COUNSEL .

**THE APPELANT FILED THIS RESPONSE TO THE JUDGE ORDER:**

- **ANDREW FRIEDNASH** FIRST ATTORNEY. HADTO WITHDRAW DO TO CONFLICT OF INTREST AS
  HIS WIFE WAS A GAURDIAN AT LITEM AND EXPOSED TO THE CASE.
- **GRACE GAM**CERELLI SECOND ATTORNNEY WITHDREW FOR unagreeable course of action.
- **DECEASED ATTORNRY** JOHN GOODMAN WHO WAS INTERNALL SICK AT THE TIME HE
  ATTEMPTED TO REPRESENT THE APPELANT BUT WAS INADEQUATE IN EFFECTIVE ASSTANCE OF
  COUSEL WHERE HIS INTERNAL SICKNESS AFFECTED HIS ABILITY TO PERFORM WHEREAS THE
  APPELANT FOUND OUT LATER OF HIS UNTIMELEY DEATH.

  **ATTORNEY JENNIFER MARSHALL** " WHERE THE APPELLANT FILED 2 NELSON

HEARINGS AGAINST THIS FORMER ATTORNRY PURSUANT TO THE GROSSLY IN

EFFECTIVE ASISSTANCE OF COUNSEL, HER PERSONALLY INVOLMENT WITH

**DISQUALIFIED JUDGE KIRK VOLKER** WHERE THE FORMER ATTORNY AMONG

OTHER THINGS WERE AWARE OF THE DELBERATE FASLSEHOODS IN THE

SHELTER AFFIDAVIT THAT **DCF** NOR **CHILDNET** WOULD BE ABLE TO PROVIDE

ANY PHYSICAL  EVIDENCE OF PROOF OR BE ABLE TO SUBSTANTIATE THE

DELBERATE FALSEHOODS IN THE SHELTER AFFIDAVIT THAT UNLAWFULL

SEIZED THE APPELANTS  MINOR CHILDREN AND USED THIS CASE AS A

PLATFORRM WHERE THE UNLAWFULL PROCEDDING IN  THIS CASE S WERE

ALLOWED TO CONTINUE" RESULTING IN THE ULAWFULL TERMINATION OF THE

APPELANT PARENTAL RIGHTS.


### ANYLASIS :

It is correct that the circumstances described—specifically, a series of attorneys

withdrawing due to conflicts of interest, illness/death, and allegations of ineffective assistance of

counsel leading to *Nelson* hearings—are generally **not sufficient grounds for a court to**

**permanently deny an indigent parent the right to *any* appointed counsel** in a termination of

parental rights (TPR) case.

The right to counsel in a TPR case is a fundamental due process right in Florida. A court cannot

simply refuse to appoint *another* attorney unless specific findings are made that the parent has

intentionally and repeatedly engaged in severe misconduct designed to thwart the judicial

process.

## Legal Analysis of the Situation

The father's response highlights systemic issues he faced with previous representation. When an

attorney withdraws or is found to be ineffective, the standard judicial remedy is to

appoint *new* counsel, not to terminate the right to counsel entirely.

The court must follow specific procedures when an indigent client expresses dissatisfaction with court-appointed counsel:

- **Conflict of Interest/Illness:** Attorneys withdrawing for these reasons are valid procedural events and require the appointment of a replacement attorney.

- *Nelson* **Hearings:** A *Nelson* hearing determines whether a defendant's complaints about counsel have a reasonable basis.

  o If the complaints are found *not* to be reasonable, the court can offer the parent a choice: continue with the current (adequate) counsel or waive the right to counsel and proceed *pro se* (self-represented).

  o If the complaints *are* reasonable (e.g., actual gross ineffectiveness, conflicts of interest, or misconduct), the court *must* discharge the attorney and appoint a new one.

- **Forfeiture of Counsel:** The only scenario where a parent might lose their right to appointed counsel is if the court makes explicit findings that the parent is engaging in egregious, persistent, and bad-faith manipulation of the system solely to delay proceedings or cycle through lawyers without legitimate cause.

The father's response outlines legitimate reasons for the changes in counsel. The allegations regarding a judge's *personal racist bias* are serious claims that must be raised through formal motions for disqualification and appeals, supported by specific facts.

**If Judge Kroll's order effectively denied the father *any further* appointed counsel based solely on this history, that order likely violates Florida and U.S. due process standards for TPR cases.**

The scenario involving the history of court appointed attorney's would **not** be sufficient grounds for a judge to deny an indigent parent a court-appointed attorney in a Termination of Parental Rights (TPR) hearing. The circumstances surrounding the prior representation strongly suggest the parent was not at fault and may even be entitled to relief from the TPR judgment, especially in Florida.

Here is an analysis of the key points in your scenario and their likely impact on the parent's right to counsel.

**Ineffective assistance of counsel claims ;**

- **Florida law guarantees effective assistance:** Under Florida law, indigent parents have a constitutional right not only to counsel in TPR proceedings but also to the *effective* assistance of that counsel. The parent must be informed of their right to file a motion claiming ineffective assistance if parental rights are terminated.

- **The deceased attorney:** The claim that an attorney was internally ill and died shortly after could constitute an ineffective assistance of counsel claim. A lawyer's inability to perform their duties effectively due to a medical condition is a valid basis for arguing that the representation was deficient.

- **The motion against Jennifer Marshall:** The parent filed multiple "Nelson hearings"—motions asserting ineffective assistance of counsel—against this

attorney. These motions allege serious claims of misconduct, including complicity

with a disqualified judge and ignoring falsified evidence. If these claims are

proven, it would be grounds to have the TPR order vacated and to get a new

attorney.

---

## Attorney withdrawals

**Withdrawals for valid reasons:** The withdrawal of the first two attorneys was

for legitimate reasons (conflict of interest and irreconcilable differences) that were not the

parent's fault. A conflict of interest involving a Guardian ad Litem (like the first attorney's wife)

is a standard and proper reason for a lawyer to withdraw. A court would not penalize the parent

for

- In the Southern District of Florida, utilizing 42 U.S.C. § 1983 allows a plaintiff to

  bypass the Anti-Injunction Act, as it is recognized as an "expressly authorized"

  exception. To overcome the Younger abstention doctrine, a plaintiff can argue that

  state court pre-filing sanctions render the state forum inadequate to protect

  constitutional rights, which the Eleventh Circuit recognizes as an exception to

  abstention if it creates "bad faith, harassment, or other extraordinary circumstances".

  The Eleventh Circuit's ruling in *Behr v. Campbell* **limits the Rooker-Feldman**

**doctrine, clarifying** it only bars state-court losers from appealing a final judgment and does not bar independent claims for procedural due process violations or extra-judicial conduct by state officials. For more details,

---

**FOR EXAMPLE  IN THE LOWER CIRCUIT COURT PROCCEDDINGS   IN PLAINTIFF (S) SEPARATE CLAIM AGAINST  SUCCESSOR JUDGE KATHLEEN KROLL IN THE 15TH JUDICAL CIRCUI PROCEDDINGS**

## Legal Claims

**Violation of Procedural Due Process (14th Amendment):** The court's failure to strictly adhere to the mandatory timelines in **Florida Statute § 63.089** constitutes a direct violation of the right to a fair and timely hearing.

- **Mandatory Timelines:** Section 63.089(10)(b) requires a preliminary hearing within **30 days** of filing a motion for relief, and section 63.089(10)(d) requires a final hearing within **45 days**.

- **Failure to Apply Law:** By ignoring these non-discretionary statutory deadlines, Judge Kroll effectively bypassed the legal framework intended to

protect parental rights, transforming a legal procedure into a functional nullity.

- **Judicial Sabotage and Malicious Interference:** The deliberate delay and hindrance of the **January 27, 2025** filing constitutes "judicial sabotage."

- **Egregious Misconduct:** The successor judge's actions were not a mere abuse of discretion but a purposeful attempt to prevent reunification by allowing the clock to run out on the father's ability to challenge the termination.

- **Irreparable Harm:** The state's failure to provide a meaningful forum for a motion filed *before* the permanent termination date has caused the irreparable loss of the parent-child bond—a fundamental liberty interest.

- **Denial of Meaningful Access to Courts:** The combination of the **4DCA attorney-signature sanction** and the trial court's refusal to follow § 63.089 timelines creates an insurmountable barrier for an indigent litigant.

1. **Functional Closure:** Because the father is indigent and the court refused to act on timely filings, the forum is effectively closed, violating both state and federal constitutional guarantees of access to justice.


# PLAINTIFF (S) Analysis of the claims of deprivations against Successor Judge Kathleen Kroll of the 15th judicial circuit

Under **Fla. R. Gen. Prac. & Jud. Admin. 2.330(g)**, the rules change when a second (successive) motion for disqualification is filed against a successor judge.

- **The Difference:** While a first motion for disqualification must be granted if it is "legally sufficient" (the judge cannot dispute the truth of the claims), a successor judge **can** examine the truth of the allegations.

- **The Error:**    If the judge issued a "blanket denial" without making specific findings regarding the truth or falsity of the facts alleged in the successive motion, they may have failed to exercise their specific duty under 2.330(g).

## 2. Violation of § 63.089 Deadlines

In Termination of Parental Rights (TPR) cases, the legislature has mandated strict timelines to ensure permanency for children.

- **The Requirement:**    A preliminary hearing must occur within **30 days**, and a final hearing within **45 days** of the motion to vacate.

- **The Argument:**    If the court sat on the motion [Docket #1136] beyond these windows without a ruling, it is a breach of a ministerial duty. In Florida, such delays can sometimes be addressed via a *Petition for Writ of Mandamus* to compel the court to act.

## 3. The "Attorney-Only" Sanction

The order requiring all future filings to be signed by a member of the Florida Bar is a **"Spencer Order"** (named after *State v. Spencer*). To be lawful, it must meet specific criteria:

- **Order to Show Cause:** The judge usually must first issue an "Order to Show Cause," giving you a chance to explain why you shouldn't be sanctioned.

- **Specific Findings:** The judge must list the specific cases or filings that were found to be frivolous or an abuse of process.

- **The "Pro Se" Exception:**     Absolute bans on pro se filings are often overturned if they do not allow for a "pro se" exception for legitimate emergencies or constitutional claims.

- _____

  **"PLAINTIFF REQUEST FOR JUDICAL NOTICE  OF THIS FEDERAL COURT, THE PURPOSE OF PROVIDING EVIDENCEOF THE ACTIONS THAT TOOK PLACE IN THE STATE COURT PROCEDDING IS NOT FOR THE PURPOSE OF THIS FEDERAL COURT TO  PROVIDE ANY RULING OR SCRUTINY OF THE STATE COURT RULING, BUT RATHER TO SHOW THE STONG LEGAL STANDING AND HIGH PROBABILITY OF THE APPELATE COURT OVERTURNING THE STATE COURTS  RULINGS GIVEN THE REOMOVAL OF THE BARRIERS,  PROCEDURAL TRAPS , AND JUDICAL SABOTOGE THAT HAS BEEN PUT IN PLACE THROUGH THE DEPRIVAIONS AGAINST THE PLAINTIFF"**


  **""This is not an appeal of a final state court judgment. This is an independent civil rights action challenging the extra-judicial conduct of state officials who have blocked PLAINTIFF(S) access to**

*__the court system through unconstitutional pre-filing requirements,__*

*__preventing any adjudication on the merits."__*

*THE PLAINTIFF IS CONFIDENT AFTER THE BARRIERS, PROCEDURAL TRAPS AND JUDICAL SABATOGE HAS BEEN REMOVED , THE PLAINTIFF (S) HAS STRONG EVIDENCE TO OVERTURN THE STATE COURTS RULING PURSUANT TO THE EVIDENCE OBTAINED THAT IS CONCRETET UNDISPUTED CLEAR AND CONVINCING AS HE WILL ADDRESS AND DEAL WITH THE STATE COURTS DECISION SEPERATLEY IN THE STATE COURT*

---

## STATEMENT OF PLAINTFF (S) PURPOSE

### For claims #1 and #2

In this 42 U.S.C. 1983 ACTION, for calims #1 AND # 2 **The plaintiff is not asking this federal court to** "overturn" Rule or comment on the termination of parental rights (TPR) directly. The plaintiff is simply asking is for **injunctive relief** to stop the enforcement of the **unconstitutional sanction** and to compel the state to provide him with the **due process** (counsel and hearings) required by law.

**Independent Claims claims.  For claims  #1 and #2** THIS FEDERAL
COMPLAINT  are  **independent claims  BY THE PLAINTIFF** regarding the
violation of MY right to access the court system, rather than a direct appeal of the
child custody decision.

"

## PLAIN STATEMENT COUNTS 1 AND 2

*ON SEBTERMBER 16TH 2024 THE 4TH DCA APPELLATE JUDGE JON WEISSEN*
*BAUM  ISSUED A PRE –FILING SANTION AGAINST THE PLAINTIFF. AGINST THE*
*PLAINTIFF (S) OBJECTION OF THE  PRE- FILING SANTION, THIS SANTION HAS*
*CAUSED THE INDIGENT PLAINTIFF  INVOLVED IN A DEPENDANCY CASE*
*WHERE THE LOWER CIRCUIT COURT JUDGE KATHLLEEN KROLL AND JUDGE*
*JOSEPH MURPHY BOTH OF THE 15TH JUDICAL CIRCUIT HAS HAVE USED THE*
*UNCONSTITUTIONQL ORDER TO CAUSED FURTHER AND ADDITITONAL*
*DEPRIVATIONS WHERE THE HARM IS IRREPERABLE , WHERE THE*

**Irreparable har**m Would cause permanent loss of my  children and my  parental
rights due to a few  selected State judges in both the lower circuit and 4th district
court of appeal  abandoning their oath and duty pursuant to:

## TO THIS DAY THE 4TH DCA PRE-FILING ORDER HAS YEILDED TO THE FOLLOWING:

1. FATHE'S WRIT OF MANDAMUS WAS DIMISSED BT THIS COURT SUA SPONTA ORDER

O        RDERED sua sponte that Petitioner's October 14, 2025 petition in this matter is

dismissed as unauthorized. Pursuant to this Court's October 11, 2024 order in case number

4D2024-2046, Petitioner's pro se filings must be reviewed and signed by a member in good

standing of the Florida Bar certifying that a good faith basis exists for each claim presented.

Further,

ORDERED that Petitioner's October 23, 2025 motion to change case style is deemed

moot.


.KUNTZ, C.J., MAY and GERBER, JJ., concur.wpbcivildocket@rc-4.com


2. **The "Procedural Trap"**: If the judge ignored the removal and held a trial anyway,

   they acted in the "clear absence of all jurisdiction." In very rare cases, this can pierce

   judicial immunity, but federal courts still prefer you use state-level remedies first.

3. THE father is arguing that the 4th DCA's dismissal of his writs of Prohibition and

   Mandamus (aimed at Judge Kroll's actions) because of the sanction order is exactly

   the "platform" that allows Judge Kroll to continue violating his rights TO AN

   ATTORNRY and ignoring the law. He is reiterating that the sanction itself is the

   primary impediment to justice. o The dismissal of the petitioner Writs of Mandamus

   and Prohibition by this 4thDCA Created a cycle where the very order being

challenged—the signature requirement—acts as the barrier preventing its own review.

• Obstacle to Oversight: By dismissing these writs based on the lack of an attorney's signature, the 4th DCA effectively insulates successor Judge KATHLEEN KROLL actions from appellate scrutiny. This allows the alleged "judicial sabotage" to continue because the mechanism intended to stop unauthorized judicial conduct (the writs) is disabled by the sanction o Due Process Conflict: While Florida courts use pre-filing sanctions to manage dockets, the Eleventh Circuit has emphasized that for pro se litigants, courts must "err on the side of generosity" and conduct a specific analysis before dismissing claims with prejudice.

**4th District Court of Appeal (DCA)** based on the sanction of an attorney-signature requirement creates what is known as a **"circular barrier"** to appellate review. You are arguing that this sanction effectively insulates Judge Kroll's actions from oversight by disabling the very

## The "Appellate Barrier" and Procedural Due Process

4. **Insulation from Scrutiny**: By dismissing your petitions for lack of an attorney's signature, the appellate court does not reach the *merits* of your claims—such as the alleged **"judicial sabotage"** or violations of your **Right to Counsel**. This allows the trial court's orders to stand without a higher court ever evaluating if they are lawful.

**The "Generosity" Standard for Pro Se Litigants**: As you noted, the **Eleventh Circuit** has held that district courts must conduct a specific **"futility analysis"** and articulate reasons why a claim is incurable before dismissing it with prejudice, especially for *pro se* litigants. A blanket dismissal based on a procedural sanction,

without considering the constitutional implications, may conflict with this federal standard.

TO THIS DATE BASED ON THIS UNCONSTITITUINAL ORDER BY SUCESSOR JUDGE KATHLEEN KROLL,: THE PLAINTIFF HAS NO ACESS TO THE LOER CIRCUIT 15TH JUDICAL CIRCUIT COURT AS THE CLERK IS REFUSING TO  ACCEPT OR FILE AND PLEADINGS FROM ME.

 **THIS ORDER INNSULTES JUDGE KATHLEEN KROLL FROM  BEING HELD ACCOUNTABLE FOR IGNORING AND FAILING TO RULE ON PLAINTIFF (S) 63.089 MOTION FOR RELIEF AS :**

**The father is caught in a procedural trap**

. He is arguing that the 4th DCA's dismissal of his writs of Prohibition and Mandamus (aimed at Judge Kroll's actions) *because* of the sanction order is exactly the "platform" that allows Judge Kroll to continue violating his rights TO AN ATTORNRY  and ignoring the law. He is reiterating that the sanction itself is the primary impediment to justice.

# JUDGE KROLL

- **Abuse of Discretion**: An abuse of discretion occurs when a judge's ruling is arbitrary, capricious, or based on an erroneous view of the law.

- **Mandated Response Times:** **Florida Statute § 63.089** specifies strict timelines for motions for relief from a judgment terminating parental rights. The court *must* conduct a preliminary hearing no later than 30 days after filing, and a final hearing within 45 days (unless otherwise agreed).

- **Significance**: Because specific deadlines are set by statute, **a judge's failure to follow them is a failure to apply the law, which is a stronger claim than an abuse of discretion, where the judge has more leeway in their ruling.**

-

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT

IN AND FOR PALM BEACH COUNTY, FLORIDA

JUVENILE DIVISION JO
CASE NO. 50-2019-DP-000789-XXXX-MB

LAVENDER ANTONIA FERGUSON
RANDAL ANTON FERGUSON JR
RANDAL ANTONIQUE JAVONNE FERGUSON
AVAN AMORE FERGUSON
Minor Children.
_____/

ORDER DENYING MOTION TO VACATE FINAL JUDGMENT OF TEMINATION OF
PARENTAL RIGHTS [DOCKET #1136] and ORDER REQUIRING ALL FUTURE
FILINGS BY RANDAL A. FERGUSON BE REVIEWED AND SIGNED BY A MEMBER

IN GOOD STANDING OF THE FLORIDA BAR


THIS MATTER was before the Court upon review of the Motion to Vacate Final Judgment

of Termination of Parental Rights [Docket #1136] filed by Randal A. Ferguson.

Based upon a review thereof and a review of the Court file, it is hereby ORDERED AND

ADJUDGED as follows:

1. The Motion to Vacate Final Judgment of Termination of Parental Rights [Docket
#1136] filed by Randal A. Ferguson is hereby DENIED.
2. This Court further Orders that all future pro se filings by Randal A. Ferguson must
be reviewed and signed by a member in good standing of the Florida Bar certifying that a good
faith basis exists for each claim presented.
DONE AND ORDERED in Chambers, at West Palm Beach, Palm Beach County, Florida.

COPIES TO:
ANDREW RYAN
FRIEDNASH

401 S DIXIE HWY
SUITE 200

WEST PALM BEACH, FL

33401

AFRIEDNASH@RC-4.COM
aramos@rc-4.com

SEE PLAINTIFF  PLAINTIFF EXHIBIT A, THE ORDER WAS ISSUED ON 12/08/2025

## 5 U.S CODE 3331 WHERE AS:

In the

<u>State of Florida</u>

, state-appointed judges are required to take several oaths and formal affirmations that bind them

to constitutional principles and professional conduct.

# 1. Constitutional Oath of Office

Under Article II, Section 5(b) of the Florida Constitution, every state officer, including judges,

must swear or affirm:

"I do solemnly swear (or affirm) that I will **support, protect, and defend the Constitution** and

Government of the United States and of the State of Florida; that I am duly qualified to hold

office... and that I will **well and faithfully perform the duties** of [title of office] on which I am

now about to enter. So help me God."

# 2. State Loyalty Oath

Florida law requires all public employees and officers, including judges, to subscribe to a loyalty

oath under <u>Florida Statute § 876.05</u>. This oath reinforces their commitment to support both the

U.S. and Florida Constitutions as recipients of public funds.

# 3. Judicial Candidate Oath

Before being appointed or elected, individuals must sign a <u>Judicial Office Candidate Oath</u> (Form DS-DE 303JU). This includes a written statement that the candidate has read and understands the <u>Florida Code of Judicial Conduct</u>.

## 4. Obligations for Ministerial Acts and Impartiality

While not a separate spoken "oath," judges are legally bound by the <u>Florida Code of Judicial Conduct</u> to perform their duties without bias. Key requirements include:

- **Canon 3B(5):** A judge must perform judicial duties **impartially and fairly**, refraining from words or conduct that manifest bias or prejudice based on race, sex, religion, or other protected classes.

- **Canon 2:** A judge must comply with the law and act at all times in a manner that promotes public confidence in the **integrity and impartiality** of the judiciary.

- **Ministerial Duties:** Judges are mandated to perform their ministerial acts—duties required by law where no discretion is involved—without obstruction of court rules.

## Summary of Requirements

| Requirement | Legal Authority |
|---|---|
| **Constitutional Oath** | <u>Art. II, § 5(b), Fla. Const.</u> |
| **Loyalty Oath** | Fla. Stat. § 876.05 |
| **Judicial Conduct Statement** | <u>Fla. Stat. § 105.031</u> |
| **Impartiality Mandate** | <u>Code of Judicial Conduct, Canon 3</u> |

## RELIEF SOUGHT BY THE PLAINTIFF/ ARGUMENT

- **`I Randal A. Ferguson  AM ASKING THAT :**   The  federal judge to "stay" (pause) the state court proceedings or order the state

**court to accept your filings pro se until the constitutional issue of the sanction is resolved OR  or the 4th DCA GRANTS PLAINTIFF MOTION FOR APPELLANT COURT APPOINTED COUNSEL AS**

- *Argument:*  This is a  action  by the plaintiff to  ask the Federal Court to immediately "enjoin" (stop) the enforcement of the state court's sanction order because it causes "irreparable injury" (loss of parental rights and has caused irreparable harm. AND UNLAWFIL ADOPTION PROCEDDNGS  BY THE STATE  AND UNLAWFUL TERMIATION OF MY PARENTAL RIGHTS.

- **The "Manifest Injustice" Exception Florida** law recognizes that even with a sanction in place, a court should not allow a manifest injustice to persist. Strategy:  State v. McBride, which allows a court to ignore procedural bars (like your sanction) if the result would be a clear violation of fundamental due process.

- "Although this Court has previously imposed a sanction on further pro se filings, the Florida Supreme Court has made clear that such procedural bars must yield when their application would result in a 'manifest injustice.' *State v. McBride*, 848 So. 2d 287 (Fla. 2003). To deny the current claim would violate fundamental due process because [insert your specific claim here]."

- **Section 1983 action challenging systemic issues or seeking injunctions against unconstitutional rule enforcement based on due process violations,**

43

particularly relevant in Termination of Parental Rights cases where the right to counsel exists.

## <u>LEGAL ANAYLASIS:/ OVERVIEW</u>

- Since the 4th DCA has dismissed my writs *sua sponte* (on its own) based on the sanction, PURSUANT TO : PRE- FILING SANCTION ISSUED BY **DCA  ON SEPTEMBER 16,2024** <u>ORDERED that, on September 16, 2024, this Court issued an order requiring Petitioner to show cause why sanctions should not be imposed for his abuse of judicial process and repeated filing of frivolous documents after a prior warning. Petitioner has failed to timely respond to the order to show cause. For the reasons set forth in the order to show cause, the Court imposes the sanction of no longer accepting Petitioner's pro se filings. *Johnson v. Bank of New York Mellon Trust Co.*, 136 So. 3d 507, 508 (Fla. 2014). The Clerk of this Court is directed to no longer accept any paper filed by Petitioner unless the document has been reviewed and signed by a member in good standing of the Florida Bar who certifies that a good faith basis exis KLINGENSMITH, C.J., WARNER and DAMOORGIAN, JJ., concur**. END ORDER**</u>

- **THE FATHER'S Petition for Writ of Mandamus**: This is an extraordinary writ filed with the appellate court to compel a trial judge to perform a mandatory duty, such as ruling on a motion with a clear statutory timeline.  FATHERS WRIT OF MANDAMUS WAS DIMISSED BT THIS COURT SUA SPONTA ORDER

    O     ORDERED sua sponte that Petitioner's October 14, 2025 petition in this matter is dismissed as unauthorized. Pursuant to this Court's October 11, 2024 order in case number 4D2024-2046, Petitioner's pro se filings must be reviewed and signed by a member in good standing of the Florida Bar certifying that a good faith basis exists for each claim presented. Further,
    ORDERED that Petitioner's October 23, 2025 motion to change case style is deemed

moot.

KUNTZ, C.J., MAY and GERBER, JJ., concur.wpbcivildocket@rc-4.com


**WHERE THIS 4ᴛʜ DCA DISMISSED THE PETIITONERS EXTRORDINARY**

**WRITS OF PHROHIBITION AND MANDAMUS  WHERE THERE IS CLEAR AND**

**CONVINCING EVIDENCE  PURSUANT TO THE JUDICAL SABAOTAGE  BY JUDGE**

**KATHLEEN KROLL EVEN UNDERMINING  THE INTENT OF the  APPELLATE**

**COURT ,  ALTHOUGH THE 4ᴛʜ DCA ORDER  TO HAVE  THE**

**PETITITONER  APPROVAL OF A MENMBER OF THE FLORIDA BAR IN GOOD**

**STANDING ,  WHERE THE MAN FACTOR IS THE PETITITONER CANNOT AFFORD**

**AN ATTORNRY  AND  EVERY EFFORT TO OBTAIN AN ATTORNRY ,  THE INTENT**

**OF INVOLVING A  LICSENSED  BAR ATTORNRY IS STILL  UNDER MINDED AND**

**UNLAWFULLY  DENIED BY CIRCUIT JUDGE KAYHLEEN KROLL  THUS WAS THE**

**PURPOSE FOR THE EXTRAORDINARY WRITS  OF PROHIBITION  AND**

**MANDAMUS  WHERE JUDGE KROLL  ABUSE OF DISRRETION  IN DENYING THE**

**INDIGENT PARENT A RIGHT TO COUNSEL**


THIS 4ᴛʜ  DCA UNLAWUL UL DIMISSIS OF  THE WRITS BASED ON  THE

FACT, THAT  THE  WRITS WERE FILED BY THE PETIITONER WITHOUT BEING

REVIEWED BY A FLORIDA BAR MEMBER, FOR WHICH THE PETITONER CANNOT

AFFORD AN ATTORNEY , YET DOES HAVE LEGAL STANDING TO BE

APPOINTED  A COURT  APPOINTED COUNSEL BUT IS BEING DENIED  BY JUDGE

KROLL IN HER ABUSE OF DESCRITION POWER AND AUTHORITY BASED ON

HER PERSONAL BIAS AND PREJUDICE   AGAINST THE PEITITONER FOR WHICH

RESULTED IN THE EXTRORDINARY WRITS  FILED BY THE PETITOTNER TO

OBTAIN COURT  APPOINTED REPRESENTATION FOR WHICH  ARE BEING

UNLAWFULLY DENIED IN VIOLATION OF HIS DUE PROCESS RIGHTS OF  THE

U.S  AND THE

## **LEGAL STANDING**

## **THE  PROCEDURAL TRAP OF THE FATHER BY THE COURTS**

1. **BEGANED WITH  A PRE FILING ORDER IMPOSED UPON THE PLAINTFF BY THE 4ᴛʜ DCA ON SEPTEMBER 16ᴛʜ 2024**

**BY THE**

**the 11th Circuit Court of Appeals ruled that an appellate court cannot order the clerk not to accept an indigent pro se pleading.**

Explanation

- An indigent pro se pleader is someone who is too poor to afford a lawyer and represents themselves in court.

  - In most situations SUCH AS THIS SITUATION,   AN appellate court ordering the clerk to not accept pro se pleadings from an indigent litigant unless approved by a bar attorney could be considered a

violation, as it could significantly hinder the right of access to the courts,

particularly when the litigant is unable to afford legal representation.

The right to access the courts is a fundamental legal principle, and

requiring indigent pro se litigants to get lawyer approval to file appeals

can effectively block their ability to pursue legal remedies.

**In essence, the APPELLANT argues the state court is violating**

**HIS federal constitutional right to be heard by creating an**

**insurmountable hurdle (lawyer signature) based on unsupported**

**claims, contrary to federal precedent.**


**THE PROCEDURAL TRAP IN FULL MOTION BASED ON THE**

**PRE –FILLING ORDER OF THE 4TH DCA YEILDED TO AND**

**ALLOWED  JUDGE KATHLEEN KROLL OF THE 15TH JUDICAL**

**CIRCUIT COURT  TO PROCEED FORWARD IN A SYTEMIC BIAS**

**, AND RACIST CAMPAGIN AGAINST THE APPELLANT/ FATHER**

**TO UNLAWFULLY UPHOLD THE UNLAWFUL REMOVAL OF THE**

**APPELANTS CHILDREN, DENY THE INDIGENT  APPELLANT**

**/FATHER  A CONSTITITUIONAL RIGHT TO BE REPRESENTED**

**BY COURT APPOINTED COUNSEL, PROCEED FORWARD I**

## Access to Courts and Due Process:

PERTIITONERS  argument hinges on the federal due process right of access to the courts for indigent pro se litigants. If the 11th Circuit ruling you are referencing specifically interprets the *federal* Constitution's Due Process Clause and finds that the type of restriction ordered by the state court is unconstitutional *under federal law*, then that precedent *should* be persuasive or binding on the state court regarding that specific federal constitutional question.

CURRENT LAWFUL STANDING OF THE STATE  OF FLORIDA

1. **Constitutional Access:** The pre-filing sanction requiring an attorney's signature for an indigent litigant in a TPR case is a violation of the **Due Process Clause** and the **right of access to courts**.

2. **Judicial Sabotage:**  JUDGE KATHLEEN KROLL  and the 4th  DCA t is using a "pre-filing sanction" to avoid ruling on THE FATHERS mandatory statutory motion **63.089 MOTION FOR RELIEF OF JUDGEMENT** . FILED ON AUGUST 26 2025 IN THE 15TH JUDICAL CIRCUIT COURT. **THE FATHER ALOS FILED ON OCTOBER 20TH 20025 A** MOTION TO COMPEL AND MOTION FOR A CONFERENCE CONCERNING THE HIS 63.089 MOTION FOR RELIEF OF JUDGEMENT CONCERNING HIS PARENTAL RIGHTS.  BOTH MOTIONS WERE IGNORED.

3. **SUBSEQUENTLY, THE PLAINTIFF ALSO FILED  A 1.540 (D) MOTON** FOR RELIEF OF JUDGEMENT  CONCERNING  AN CHALLENGING THE ISSUES OF THE STAE COURT LACK OF SUBJECT MATTER JURISDICTION TO PROCEEDED FORWARD IN A TPR TRAIL WHILE THE CASE ITSELF WAS STILL IN FEDERAL COURT AS THE PLAINTIFF FILED A MOTION TO BE APPOINTED AN APPELATE COURT COUNSEL AS WELL AS RELIEF OF JUDGEMENT FOR LACK OF SUBJECT MATTER JURISDICTITON WHEREAS THE FATHER ARGUSED IN HIS MOTITON

4. <u>PURSUANT TO A SYSTEMIC CULTURE THAT EXIST IN THE STATE OF FLORIDA JUDICAL SYSYTEM, FAMILY COURT DEPENDANCY CASES  BY SEVERAL SPECIFIC JUDGES INVOLVING BOTH THE LOWER CIRCUIT AND THE DISTRICT</u> **APPELLATE COURT, THE FATHER / PETITIONER  HAS** <u>BEEN PUT IN A JUDICAL PROCEDURAL TRAP THAT HAS NOT ONLY DENIED HIM ANY TYPE OF RELIEF HE IS E THAT HAVE PRESENTED BY THE APPELANT HAS BE IGNORED, HIDDEN , STRICKEN DELBERATLY DENIED AS EVIDENCE BY BOTH  THE LOWER CURCUIT COURT AND THE STATE DISTRICT COURT OF APPELAS WHERE THE INCLUPATORY EVIDENCE  EXPOSES A SYSTEMIC SYSTEM THAT PROVIDES AN UNLAWFUL PLATFORM THAT ALLOW THE JUDGES TO MANIPULATE AND IGNORE THE RULES, STATUES AND COURT PROCEDURES WHICH ALLOWS THE JUDGES TO  INTENTITONALLY MISINTERPRET THE LAW ,  COMMIT JUDICAL ACTS OF "FRAUDS ON THE COURT" IN INTENTITONALLY AND KNOWINGLY MISREPRENT MATERIAL</u>

**FACTS, SUPPORTS  IGNORES AND STATE AND PRIVATE AGENTS TO THE SAME.**

**INTENTITONAL MISREPRESENTAIONS THAT PROVIDES A PLATFORM OF INJUSTICE USED TO UNLAWFULLY SEIZED PARENTS MINOR CHILDREN, DEPREIVED THE PARENTS OF THEIR FEDERALLY PROTECTED GOD GIVEN RIGHTS TO PARENT, DENY INDIGENT PARENTS RIGHTS TO BE REPRESNETED BY COURT APPOINTED ATTORNY ALL   WHILE ACTING UNDER COLOR OF STATE LAW ALOS WHILE  UNLAWFULLY TERMINATING THE  PARENTS PARENTAL  RIGHTS AND UNLAWULLY  RULING THE MINOR CHILDREN DEPENDANT ALL OF WHICHIS CONTRAY AND VIOLATES THE**

5.  The "best interest of the child" standard, WHICH is meant to ensure the child's safety and well-being, but it must **be applied fairly and transparently. If the process itself is flawed, the outcome cannot be considered truly in the child's best interest.**

6.  NOW, **The focus should NOW be on correcting the injustice and ensuring the child's needs are met within the context of their original family,**

7.  **If a parent can prove that a child's termination of parental rights was based on fabricated allegations by the**

8.  **Department of Children and Family Services (DCFS),** MISREPRESENTAIONS OF MATERIAL  FACTS, I.E. FRAUDS ON THE COURTS, VIOLATIONS OF THE DUE PROCESS,  JUDICAL MISCONDUCT

OF JUDGES , DELBERATE IGNORING AND VIOLATING COURT RULES ,

PROCEDURES AND ALL OTHER MISCARRIAGES OF JUSTICE  it raises

serious questions about the legitimacy of the termination and the application of

the **"best interest of the child" standard**. The focus should shift to the integrity

of the process and the potential harm caused by the false claims. If the

termination was based on false information, then ***it is not in the child's best***

***interest to remain separated from their parents based on a lie.***

**LEGAL STANDING:**

When a Florida court issues a "pre-filing order" requiring an attorney's signature,
it creates a significant procedural hurdle that, in a **Termination of Parental Rights
(TPR)** case, can interfere with your **Due Process** and **Right to Counsel**. If both the
Circuit Court and the District Court of Appeal (DCA) have denied your filings based on
this requirement, the following legal grounds and options are typically used to challenge
such "circular barriers."

## 1. Challenging the "Circular Barrier" Under Florida Law

The requirement of an attorney signature for a *pro se* (self-represented) litigant is often
viewed by higher courts as a **denial of meaningful access to the courts**, which is
protected by the Florida Constitution.

- **Ineffective Assistance of Counsel (IAC)**: In Florida TPR cases, indigent parents have
  a constitutional right to counsel. If you were denied counsel or if your appointed counsel
  failed to act, you can file a motion in the circuit court claiming **ineffective assistance**.
  Crucially, the court **cannot** require an attorney's signature for a motion challenging the
  ineffective assistance of your previous attorney.

- **The "Pro Se" Exception**: Florida Rule of General Practice and Judicial Administration
  2.515(a) requires signatures from an attorney *if a party is represented*. If you are
  unrepresented, the rule explicitly allows for your own signature. You may argue that

enforcing an attorney-only signature requirement on a *pro se* litigant in a TPR case violates this rule and your fundamental rights.

## 2. Federal Constitutional Grounds

Because TPR cases involve "fundamental liberty interests," you have protections under the **U.S. Constitution**.

- **Due Process Violation**: A blanket dismissal for lack of an attorney signature, without a "futility analysis" or consideration of your indigent status, may violate the **14th Amendment**.

- **Federal Writ of Habeas Corpus**: In extreme cases where state remedies are exhausted or "ineffective" (such as a circular barrier), federal courts may sometimes intervene. However, federal courts generally avoid state family law matters unless a clear constitutional breakdown has occurred.

- **Civil Rights Action (Section 1983)**: As mentioned in the **Family Justice & Accountability Act**, there is a growing movement to allow lawsuits against officials who "knowingly violate" constitutional rights. While judicial immunity is a high bar, a **forward-looking injunction** in federal court can sometimes be sought to challenge systemic rules that exclude *pro se* litigants.

---

## ADDRESSING PLAINTIFF CLAIM # 3

### Clear absence of jurisdiction:

### IMPROPER JURISDICTION

**CLAIM AGAINST JUDGE MURPHY  PURSUANT TO THE DATE OF DEC16TH AND**

**DEC17TH  2024 JUDGE MURPHY DID ACT UNDER COLOR OF STATE LAW AND Cause the**

**plaintiff to be  deprived of his 14th amendment federal protected right of the  U.S**

**constitution in violation of the federal removal statue by proceeding forward in a**

**unlawful  TPR  trial where the state court had no jurisdiction.**

1.   AS WELL . EVEN TO THIS QUESRY OF JUDGE SENIOR JUDGE  MURPH

The query  refers to **John  Murphy,** a former Circuit Judge of the 15th Judicial Circuit in

Florida who was removed from office in 2015 following misconduct allegations. He presided

over cases in the circuit, which covers Broward County, and was involved in several high-profile

cases, including the one where he acquitted the former administrator of a rehabilitation center

after a power failure during Hurricane Irma led to deaths.

- **Career:** Judge Murphy served in the 15th Judicial Circuit in Florida.

- **Removal from office:** In 2015, the <u>Florida Supreme Court</u> removed him from the bench due to

  misconduct, overturning a recommendation from the <u>Judicial Qualifications Commission</u>

  <u>(JQC)</u> to remove him from office.

- **Notable case:** He presided over the case of George Carballo, who was the administrator of a

  rehabilitation center in Hollywood Hills when a power failure during Hurricane Irma resulted in

  the deaths of a dozen patients.

- **Acquittal:** In February 2023, Judge Murphy acquitted Carballo, stating that the prosecution's

  case was an example of prosecutorial misconduct.

- **Disagreement:** The Broward state attorney's office disagreed with the court's findings, though
  they stated they would respect the decision.

s a senior judge in the 15th Judicial Circuit (Palm Beach County), Judge Joseph Murphy is a retired judge recalled to service by order of the Florida Supreme Court to assist with the court's workload.

Senior judges in the 15th Circuit serve a flexible, as-needed role rather than having a permanent, fixed division assignment. Their specific responsibilities are assigned by the Chief Judge or a designee to address various needs:

- **Filling Vacancies and Absences:** Covering the docket of a presiding judge who is absent due to educational, professional, or personal reasons, illness, or a judicial vacancy.

- **Handling Specific Case Types:** Presiding over special category cases or lengthy trials that require a significant time commitment. The nature of assignments a senior judge is willing to handle (e.g., misdemeanor, probate, dependency) is coordinated through court administration.

- **Reducing Backlogs:** Helping to manage court schedules and reduce delays in trial calendars, thus improving access to the courts.

- **Out-of-Circuit Needs:** Assisting with cases that might require a judge from outside the immediate circuit.

In essence, Judge Murphy is vested with all necessary judicial powers to complete the specific assignments he is given on a temporary basis. His workload is part-time and varies based on the operational needs of the circuit, as co

- **Depriving Defendants of Counsel:** After the fight, Judge Murphy called seven cases where defendants were without legal representation because their attorney (Weinstock) had left the courtroom. Murphy then prompted waivers of speedy trials from these defendants, violating their rights.

- **Erosion of Public Confidence:** The Florida Supreme Court ruled that Murphy's misconduct caused a clear erosion of public confidence in the judiciary. The court determined that he was unfit to serve, despite his prior positive judicial performance.

- **Rejection of JQC Recommendation:** The Judicial Qualifications Commission (JQC) had initially recommended a public reprimand, a 120-day suspension, a $50,000 fine, and mental health therapy. However, the Supreme Court rejected this recommendation, finding that only removal was an appropriate sanction.

Murphy's defense included a diagnosis of post-traumatic stress disorder (PTSD) from his combat service in Afghanistan, which his attorneys argued contributed to the outburst. The Supreme

Pursuant to the remanded back to state court on  Dec 17ᵗʰ 2024 by  Federal

Judge Middlebrooks, FEDERAL CASE# 24-81524-CV- MIDDLEBROOKS  and

Pursuant to the letter received from the District  Court Appellate Office.  THIS IS A  RE-

FILED NOTICE OF REMOVAL   seeking Relief pursuant  the egregious  Violation of my

federally protected rights procedural  Due process and substantive Due Process  of the

U.S Constitution  by  senior   ( Judge Murphy)  TRIAL JUDGE PRESIDING  IN THE TPR

CASE of the 15ᵗʰ judicial Circuit HELD AND BEGAN  ON DECEMBER 16ᵀᴴ 2024.

DCF   attorney Joshua Smith , ( gal) attorney Kevin Walsh and attorney Jorge  Anton

where on Dec 16ᵗʰ 2024 these state actors acting under color of state law , intentionally

knowingly in total disregard  of Federal Law and statues EVEN AFTER BEING PROPERLY

PROCESSED SERVED AND AWARE OF THE REMOVAL ,    did in fact planned and

proceeded  forward in unlawfully and WHERE THE STATE  CIRCUIT DID NOT HAVE ANY

SUBJECT MATTER JURISDIDCTION  TO PROCEDD FORWARD  in a TPR TRIAL against THE

FATHER   IN THIER DESPERATE ATTEMPT TO UNLAWFULLY TERMINATE MY PARENTAL

RIGHTS WITHOUT LEGAL STANDING  PRIOR TO THE REMOVAL AND AFTER THE REMOVAL

TO THE FEDERAL DISTRICT COURT.

DESPITE OF THE FATHER SEVERAL ATTEMPTS OF  objection and several

demands to dismiss the action and asking the senior judge murphy to disqualify

himself from the proceedings where the judge and the attorney's all refused to do and continued with the trial whereas the stress of and emotional shock caused my blood pressure to rise whereas a sheriff deputy Gibbs of the palm beach county sheriff office called 911 and I was transported from the courthouse on December 16th to the hospital and admitted. where they violated 28 U.S.C. § 1446(d) this notice is

In summary, if a state judge proceeds with a dependency trial to terminate parental rights while the case is still pending in federal court and has not been remanded back to state court, it would violate the parent's due process rights and could be grounds for dismissal of the state court case because it infringes on the federal court's jurisdiction.

According to **the 11th Circuit, an attorney's actions are considered improper if** they continue to pursue a case in state court while the same case is still pending in federal court, essentially meaning that an attorney cannot actively litigate a case in both forums simultaneously; this principle is often referred to as "parallel litigation" and is generally discouraged to avoid unnecessary conflict between state and federal jurisdictions.

**If an attorney continues to actively litigate in state court while a case is in federal court, the court may sanction the attorney, including potential penalties like attorney fees or dismissal of the case.** Loss of State Jurisdiction: Once a state court and all parties are properly notified that a case has been removed to federal court, the state court must generally pause proceedings [1]. Any significant actions taken by the state court during this period, before a remand order, may be considered voidable or invalid due to lack of jurisdiction at that specific time [1].

**This decision essentially states that a state court judge cannot proceed with a case that is currently under federal jurisdiction, as doing so would be considered an overstep of authority.**

**Yes, it is well-established legal precedent that if a state circuit court or appellate court judge violates a defendant's due process rights, the result can be dismissal of the state's action against the defendant; meaning the case will be thrown out due to the procedural unfairness caused by the judge's conduct.**

- TRIAL RESULTS **ON DEC 16TH   2024 AND DECEMBER 17TH**  VOID FOR VIOATING THE FEDERAL ST

**LEGAL STANDING:**

When a Florida court issues a "pre-filing order" requiring an attorney's signature, it creates a significant procedural hurdle that, in a **Termination of Parental Rights (TPR)** case, can interfere with your **Due Process** and **Right to Counsel**. If both the Circuit Court and the District Court of Appeal (DCA) have denied your filings based on this requirement, the following legal grounds and options are typically used to challenge such "circular barriers."

## 1. Challenging the "Circular Barrier" Under Florida Law

The requirement of an attorney signature for a *pro se* (self-represented) litigant is often viewed by higher courts as a **denial of meaningful access to the courts**, which is protected by the Florida Constitution.

- **Ineffective Assistance of Counsel (IAC)**: In Florida TPR cases, indigent parents have a constitutional right to counsel. If you were denied counsel or if your appointed counsel failed to act, you can file a motion in the circuit court claiming **ineffective assistance**. Crucially, the court **cannot** require an attorney's signature for a motion challenging the ineffective assistance of your previous attorney.

- **The "Pro Se" Exception**: Florida Rule of General Practice and Judicial Administration 2.515(a) requires signatures from an attorney *if a party is represented*. If you are unrepresented, the rule explicitly allows for your own signature. You may argue that enforcing an attorney-only signature requirement on a *pro se* litigant in a TPR case violates this rule and your fundamental rights.

## 2. Federal Constitutional Grounds

Because TPR cases involve "fundamental liberty interests," you have protections under the **U.S. Constitution**.

- **Due Process Violation**: A blanket dismissal for lack of an attorney signature, without a "futility analysis" or consideration of your indigent status, may violate the **14th Amendment**.

- **Federal Writ of Habeas Corpus**: In extreme cases where state remedies are exhausted or "ineffective" (such as a circular barrier), federal courts may sometimes

intervene. However, federal courts generally avoid state family law matters unless a clear constitutional breakdown has occurred.

- **Civil Rights Action (Section 1983)**: As mentioned in the **Family Justice & Accountability Act**, there is a growing movement to allow lawsuits against officials who "knowingly violate" constitutional rights. While judicial immunity is a high bar, a **forward-looking injunction** in federal court can sometimes be sought to challenge systemic rules that exclude *pro se* litigants.

## LEGAL PROCEDURAL VIOLATIONS JUDGE KROLL

- **Abuse of Discretion**: An abuse of discretion occurs when a judge's ruling is arbitrary, capricious, or based on an erroneous view of the law.
- **Mandated Response Times**: <u>Florida Statute § 63.089 s</u>pecifies strict timelines for motions for relief from a judgment terminating parental rights. The court *must* conduct a preliminary hearing no later than 30 days after filing, and a final hearing within 45 days (unless otherwise agreed).
- **Significance**: Because specific deadlines are set by statute, <u>**a judge's failure to follow them is a failure to apply the law, which is a stronger claim than an abuse of discretion, where the judge has more leeway in their ruling.**</u>

    <u>**If a judge in Florida ignores a motion with a mandated response time, the following actions may be appropriate:**</u>

    - **File a Motion to Compel a Ruling**: A formal motion filed with the trial court to remind the judge that the motion is pending and request a ruling or hearing date.

- **Contact the Judicial Assistant**: An informal step where you (or your attorney) can call the judge's office to confirm the motion was received and inquire about the status, without discussing the merits of the case.

- **File a Petition for Writ of Mandamus**: This is an extraordinary writ filed with the appellate court to compel a trial judge to perform a mandatory duty, such as ruling on a motion with a clear statutory timeline.

- **Appeal**: If the judge's inaction results in an adverse outcome or final judgment, the failure to follow the mandatory procedure can be a strong point in an appeal of the final decision.

- **The judge has an indisputable legal duty to perform that act (based on the clear language of Fla. Stat. § 63.089).**

- **If a judge in Florida fails to act on a motion for relief under Florida Statute § 63.089, preventing a decision regarding visitation, you can** petition the District Court **of Appeal for a writ of mandamus to compel the judge to follow the law and rule on the motion within the mandated timelines.**

## PLAINTIFF(S) WRIT OF MANDAMUS ANS PROHIBITION DISMISSED BY 4TH DCA

The legal system provides a specific mechanism for this situation, but it requires the father to operate within the strict boundaries currently imposed upon him:

_the father's right to appointed counsel was violated at the lower court level, it can be considered a fundamental error that an appellate court can address.

- The dismissal of the petitioner Writs of Mandamus and Prohibition by this 4th DCA Created a cycle where the very order being challenged—the signature requirement—acts as the barrier preventing its own review.

- **Obstacle to Oversight:** By dismissing these writs based on the lack of an attorney's signature, the 4th DCA effectively insulates **successor** Judge **KATHLEEN KROLL** actions from appellate scrutiny. This allows the alleged "judicial sabotage" to continue because the mechanism intended to stop unauthorized judicial conduct (the writs) is disabled by the sanction

I.

The specific Eleventh Circuit Court of Appeals case you are looking for is likely *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986), or potentially a subsequent case like *Cofield v. Alabama Public Service Commission*, 936 F.2d 512 (11th Cir. 1991), which affirmed this principle.

- 

- In *Procup v. Strickland,* the Eleventh Circuit held that a district court could not enter an injunction that completely prohibited a prisoner from filing a pro se complaint. This decision established the principle that a total bar on filings for an indigent pro se litigant violates their fundamental right of access to the courts and due process.

- This ruling was later referenced in cases involving serial litigant Waseem Daker. In those decisions, the court clarified that while *some* filing restrictions (such as requiring payment of a full filing fee or obtaining leave to file) might be permissible to curb abuse of process, a complete prospective bar or an order to a clerk to simply *refuse* all filings from an indigent litigant is generally impermissible as it denies access to the court system itself. The proper procedure often involves dismissing a complaint "without prejudice" or imposing conditions rather than an outright prohibition on the clerk from accepting the physical document.

- The specific language you mention, where an order "orders a clerk of court not to accept indigent pro se filings," directly mirrors the scenario addressed and deemed a due process violation in the precedent set by cases like *Procup* and *Cofield*.


## ADDRESSING THE ISSUE OF JUDGES KROLL WHO IS A

## SUCESSOR JUDGE TO DISQULIFIED JUDGE KIRK VOLKER WHO

## DISQULIFIED  HIM SELF ON JULY 19TH 2024. JUDGE KROLL

## REFUSAL TO DISQUALIFY HERSELF.

### Analysis of the judge's vague denial

- **Initial motion vs. successive motion:** Under Florida Rule of Judicial Administration 2.330(f), an *initial* judge may only determine the legal sufficiency of a motion to disqualify. They cannot rule on the facts and must accept the allegations as true for the purpose of their ruling. A simple denial, as seen in the example, would be the correct procedure for a legally insufficient *initial* motion.

- **Successor judge's responsibility: However, Rule 2.330(g) provides an exception for a *successor* judge (the second judge assigned to the case). When faced with a successive motion for disqualification, the successor judge has the specific authority to "pass rule on the truth of the facts alleged in support of the motion".**

- **Failure to rule on facts: If a successor judge's order, simply denies the motion without explicitly stating they have ruled on the truth of the factual allegations, it fails to follow the** procedure prescribed by the rule.  Judge KROLL RULING ON PETITITONERS  MOTION  applied the standard for an initial motion, which is **incorrect f**or a successive motio

THE successor judge KATHLEEN KROOL committed a legal error by failing to explicitly rule on the truth of the factual allegations, as required by **Rule 2.330(g). This distinguishes the challenge from simply trying to relitigate the motion's facts.** **JUDGE KROLL INCORRECT RULING ON PETITITOERS MOTION TO DISQUALIFY AND MOTION TO APPOINT COURT APPOINTED ATTORNY BASED ON THE ALLEGATIONS ALLEGED BY THE PETITIONER IS A DIRECT ABUSEOF DISCRETION ON THE JUDGE AND WITHOUT EXCUSE. THIS IS A JUDGE WHO HAS BEEN PRSEIDING AS A JUDGE FOR OVER 20 YEARS AND IS FULLY AWARE OF HOW TO JUDCICALLY MANIPULATE AND SABATOGE COURT PROCEDDINGS THROUGH SUCH ABUSE OF DECRETIONS AND FRUADS, ESPECIALLY IF THE JUDGE IS DEALNG SELF REPESENTED INDIVIDUALS WHO ARE NOT FULLY AWARE OR THE JUDICAL PROCESS, PROCEDURES AND RULES OF THE COURT AND ARE EASY PREY TO JUDGES MANIPULATION, JUDICAL BIAS, IMPROPER RULINGS AND ABUSE OF DESCRITIONS.**

## A. The Constitutional Conflict: Access to Courts

The U.S. Supreme Court (e.g., *Gideon v. Wainwright*) and the Florida Constitution guarantee access to the courts.

- **De Facto Bar:** Requiring an indigent person to obtain a private attorney's signature for a filing is often viewed as an unconstitutional "de facto" bar to the courts.

- **Fundamental Rights:** Because this involves the **Termination of Parental Rights (TPR)**—a fundamental liberty interest—the state must provide due process, which includes the right to be heard and, for indigent parents, the right to appointed counsel.

**.B. Mandatory Statutory Timelines (§ 63.089)** You are correct that **Florida Statute § 63.089 is a mandatory ministerial duty**. It is not "discretionary."

- **Failure to Act:** A judge's deliberate failure to rule within the 30/45-day statutory window is a "failure to apply the law".

- **Mandamus vs. Sanction:** While the 4th DCA dismissed your Writ of Mandamus due to the sanction, the  can review whether that sanction is being used to shield judicial misconduct or bypass legislative mandates.

## 3. Successor Judge and Rule 2.330(g)

## STATEMENT OF CLAIM: VIOLATION OF 42 U.S.C. § 1983

1. Plaintiff is an indigent pro se litigant and father currently subject to proceedings in the 15th Judicial Circuit.

2. Defendant Kathleen Kroll is a State Circuit Judge acting under color of law

3. Defendant Jon  Wessienbaum is an appellate  Judge acting under color of  state Law.

4. Defendant Fourth District Court of Appeal (4th DCA) is a state judicial body acting under color of law.

## II. STATEMENT OF FACTS: THE CONSTITUTIONAL BARRIER

4. Plaintiff is an indigent parent entitled to due process in proceedings involving the fundamental right to parent his children.

5. On AUGUST 26TH 2025 , Plaintiff filed a mandatory motion under **Fla. Stat. § 63.089**, which requires the trial court to hold a hearing within 30–45 days.

ON October 20th 2025 , plaintiff filed a motion to compel and motion for conference . Defendant Kroll has deliberately failed to perform this ministerial duty, effectively stalling/ sabotaging  and creating a barrier for reunification of the father/plaintiff with his children.  The case, would allow the lower circuit court to proceed unlawfully with adoption proceedings of the plaintiff (s) minor children, irreparable harm.

6. To facilitate this delay, Defendant Kroll issued a **Pre-Filing Sanction Order** requiring Plaintiff to obtain the signature of a Florida Bar member on all future filings.

7. Plaintiff is indigent and has been denied court-appointed counsel by Defendant Kroll. Consequently, the "signature requirement" acts as an absolute, insurmountable barrier to the court system.

8. Plaintiff sought relief from this barrier by filing Writs of Mandamus and Prohibition with the Defendant 4th DCA.

9. On [Date], the 4th DCA dismissed these Writs *sua sponte* solely because they lacked an attorney's signature.

10. This created a "Procedural Loop": The Plaintiff cannot challenge the unconstitutional sanction because the sanction itself prevents the appellate court from hearing the challenge.

### III. LEGAL CLAIMS

**COUNT I: Violation of the First and Fourteenth Amendments (Access to Courts)**
11. The Defendants' enforcement of a pre-filing signature requirement against an indigent litigant—who has been denied appointed counsel—constitutes a *de facto* total

bar to the judicial process.

12. This barrier violates the Plaintiff's First Amendment right to petition the government for redress and his Fourteenth Amendment right to Due Process.

**COUNT II: Violation of the Fourteenth Amendment (Fundamental Liberty Interest)**

13. The deliberate failure to follow **Fla. Stat. § 63.089** while simultaneously blocking Plaintiff's ability to move the court via sanctions constitutes "**Judicial Sabotage**."

14. This conduct deprives Plaintiff of his fundamental liberty interest in the care and custody of his children without the "meaningful opportunity to be heard" required by *Boddie v. Connecticut*, 401 U.S. 371 (1971).

**IV. PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court:

A. Issue a **Preliminary Injunction** under **FRCP 65** enjoining Defendants from enforcing the attorney-signature requirement against Plaintiff.

B. Order the state court to accept and rule upon Plaintiff's pro se motions filed pursuant to **Fla. Stat. § 63.089**.

C. Grant any other relief the Court deems just and proper to restore Plaintiff's access to the courts.













- WHEREFORE, PLAINTIFF MOVES UPON THIS COURTTO GRANT THIS

  EMERGENCY MOTION FOR PRELIMNARY INJUNCTIVE RELIEF AS WELL AS HIS

  SEPARATE FILIG OF  IS EMERGENCY MOTOTION FOR TEMPORRY RESTRAING

  ORDER  AND  PRELIMINARY INJUNCTION AND FINNALLY ,

-  RELIEF OF JUDGEMEMNT BY JUDGE MIDDLEBROOKS FRCP 60 FOR TRIAL

  RESULTS **ON DEC 16TH  2024 AND DECEMBER 17TH** VOID FOR VIOATING THE

  FEDERAL STAY.

- EXHIBITS ATTACHED,

Randal A. Ferguson

1695 silver beach rd Riviera beach fl

33404

561 201- 8525

ferguaonrandala@gmail.com

fergusonrandal8@gmail.com

Febuary 20th 2026